UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

B-REAL, LLC

VERSUS

STEPHEN DOUGLAS ROGERS,
ET. AL.

CIVIL ACTION

NO.09-15-JJB

## RULING ON MOTION FOR LEAVE TO APPEAL

Appellant, B-Real LLC ("B-Real") requests leave of this Court to appeal the bankruptcy court's interlocutory Order Denying its Motion for Summary Judgment in bankruptcy case 07-11293 (doc. 1-2, pages 291-298). B-Real asserts that this Court has jurisdiction to hear this appeal under 28 USC §158(a)(3).[1]

### Background

Stephen and Julie Rogers ("the Rogers") filed a voluntary bankruptcy petition under chapter 13. B-Real filed three proofs of claims in that bankruptcy proceeding, each of which for an underlying debt that was prescribed under Louisiana law.[2] Instead of objecting to each of these claims within the bankruptcy proceeding, the Rogers filed an adversary proceeding against B-Real, alleging, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"). In a motion to dismiss, B-Real argued that the FDCPA does not apply to filing of proofs of claims in bankruptcy proceedings. The

---

[1] 28 USC §158(a) provides:
> The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judge under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

[2] In briefing on B-Real's motion to dismiss the Rogers' adversary complaint, B-Real "admit[ted] that the three (3) claims at issue here are prescribed under Louisiana law." Doc. 1-2, page 115.

1

bankruptcy court, relying on *Randolph v. IMBS, Inc.*, denied the motion to dismiss and found that "debtors may urge a FDCPA claim for alleged actions of B-Real in connection with their bankruptcy case."[3] B-Real then brought a motion for summary judgment, seeking reconsideration of the bankruptcy court's determination regarding the application of the FDCPA and asserting that in any case, it could not be considered a "debt collector" for purposes of the FDCPA. The bankruptcy court denied the motion for summary judgment. B-Real now seeks appellate review of the bankruptcy court's interlocutory order denying its motion for summary judgment.

## Analysis

In order to appeal the bankruptcy court's interlocutory order, B-Real must obtain leave of this court.[4] "Unfortunately, the Bankruptcy Code does not contain any standards to govern whether leave should be granted. Thus, the standard of 28 U.S.C § 1292(b), which governs the appeal of interlocutory orders from district courts to courts of appeals, is borrowed."[5] While the Fifth Circuit has not considered the appropriateness of application of the 1292(b) standard, it has set out the elements of that standard: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; (3) an immediate appeal must materially advance the ultimate termination of the litigation."[6]

---

[3] Memorandum Opinion, doc. 1-2, page 213.
[4] *See* Wells Fargo Bank, N.A. v. Jones, 391 B.R. 577, 586 (E.D. La. July 1, 2008) ("an appeal from an interlocutory order under 28 USC 158(a) may be taken only with the leave of the district court.").
[5] *Id*. *See also* Goldin Associates, LLC v. Central Boat Rentals, Inc., 2008 WL 1782284, *2 (W.D. La. April 18, 2008) ("district courts within the Fifth Circuit have tended to consider the 28 USC 1292(b) factors in considering whether to grant leave to appeal an interlocutory order from a bankruptcy court.").
[6] Matter of Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991).

B-Real presents two issues for appeal before this Court. First, whether the Bankruptcy Code and Rules preclude application of the FDCPA to a party who files a proof of claim in a bankruptcy proceeding. Second, if not precluded, whether the filing of a proof of claim in a bankruptcy proceeding on a prescribed debt may constitute a violation of the FDCPA.

Regarding the first element of 1292(b), the potential applicability of the FDCPA to filing a proof of claim in a bankruptcy proceeding clearly is a controlling issue of law. If this Court determines that the Bankruptcy Code and Rules preclude application of the FDCPA, such a determination would terminate a significant aspect of the adversary proceeding.[7] The same effect would occur if this Court determined that although the Bankruptcy Code does not preclude application of the FDCPA, filing a proof of claim in a bankruptcy proceeding on a prescribed debt does not constitute a violation of the FDCPA. For the same reasons this Court deems the issue of law controlling, we also find that immediate appeal of the issue would advance the ultimate termination of this litigation.[8]

Finding that the first and third elements of 1292(b) are met, we turn to the second element – whether the question on appeal is one where there is substantial ground for difference of opinion. In his Memorandum Opinion denying B-Real's motion to dismiss,

---

[7] After considering the adversary complaint and the subsequent motions and rulings, it appears that the Rogers have a claim under the FDCPA as well as an objection to the three claims as prescribed still pending. *Cf.* Complaint, doc. 1-2 pages 1-8 & Memorandum Opinion, doc. 1-2 pages 201-216. As B-Real has admitted that the three claims are indeed prescribed, it appears that the main issue remaining in the adversary proceeding is the potential application of the FDCPA.

[8] In B-Real's Motion for Leave to Appeal, it cites *Germaine Martinez-Jacobs, et al. v. Asset Acceptance, LLC*, Civil Action No. 08-753-FJP, stating that "there is a pending interlocutory appeal before… the United States District Court for the Middle District of Louisiana on the same exact issue." B-Real argues that allowing "[i]mmediate appeal will allow B-Real to join or consolidate the cases to conserve judicial economy." This Court notes that *Germaine Martinez-Jacobs* has since been terminated.

Judge Dodd noted: "The Fifth Circuit has not ruled on this specific issue, and the only two circuit courts of appeal that have considered it disagree on whether actions under both the Bankruptcy Code and the FDCPA can co-exist."[9] Based on this circuit split, this Court finds that the issue presented is one where there is substantial ground for difference of opinion.

## Conclusion

Finding that the three elements of 1292(b) are met in this instance, the court GRANTS B-Real's motion for leave to appeal (doc. 1-2, pages 291-298)

Signed in Baton Rouge, Louisiana, on April 28, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[9] Doc. 1-2, page 211.