UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT

2009 MAY 19  P  2: 15

B-REAL, LLC

VERSUS

STEPHEN DOUGLAS ROGERS,
ET AL.

CIVIL ACTION

NO. 09-15-JJB

## RULING ON APPEAL

B-Real LLC ("B-Real") brings this appeal of the bankruptcy court's interlocutory order denying its motion for summary judgment in Adversary Case 08-1011 (doc. 5). Stephen and Julie Rogers ("the Rogers") have responded (doc. 8) and B-Real has filed a reply (doc. 11). This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(3).[1] Oral argument with respect to this appeal is not necessary.

## Background

The Rogers filed a voluntary bankruptcy petition and B-Real filed three proofs of claim in that bankruptcy proceeding, each of which was based on an underlying debt that was prescribed under Louisiana law.[2] Instead of objecting to each of these claims within the bankruptcy proceeding, the Rogers filed an adversary proceeding against B-Real, alleging, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"). In a motion to dismiss, B-Real argued that the FDCPA does not apply to filing of proofs of claim in bankruptcy proceedings. The bankruptcy court, relying on *Randolph v. IMBS, Inc.*,[3] denied the motion to dismiss and found that "debtors may urge a FDCPA claim for

---

[1] *See* Ruling granting Motion for Leave to Appeal, doc. 9.
[2] In briefing on B-Real's motion to dismiss the Rogers' adversary complaint, B-Real "admit[ted] that the three (3) claims at issue here are prescribed under Louisiana law." Doc. 1-2, page 115.
[3] 368 F.3d 726 (7th Cir. 2004).

1

USBKC

alleged actions of B-Real in connection with their bankruptcy case."[4] B-Real then brought a motion for summary judgment, seeking reconsideration of the bankruptcy court's determination regarding the application of the FDCPA and asserting that, in any case, it could not be considered a "debt collector" for purposes of the FDCPA. The bankruptcy court denied the motion for summary judgment.[5] B-Real now seeks appellate review of the bankruptcy court's interlocutory order denying its motion for summary judgment. Both parties agree that the issues presented in this appeal should be reviewed by this Court *de novo*.

B-Real presents two issues for appeal before this Court. First, whether the Bankruptcy Code and Rules preclude application of the FDCPA to a claim arising from the filing of a proof of claim in a bankruptcy proceeding. Second, if not precluded, whether the filing of a proof of claim in a bankruptcy proceeding on a prescribed debt may constitute a violation of the FDCPA.

---

[4] In re Rogers, 391 B.R. 317, 326 (Bankr. M.D. La. 2008). The bankruptcy judge held that under *Randolph*, a claim under the FDCPA was not precluded by the Bankruptcy Code. However, in his opinion, the judge did not directly address the particular violations of the FDCPA alleged by the Rogers.

[5] The Bankruptcy Court found there to be "material issues of fact as to whether B-Real's business has, as its principal purpose, the collection of debts." Thus, it denied B-Real's motion for summary judgment based on its argument that it was not a "debt collector" under the terms of the FDCPA. In denying the motion for summary judgment as to the applicability of the FDCPA, the Bankruptcy Court stated:

> B-Real next seeks summary judgment on the issue of whether the Fair Debt Collection Practices Act applies in bankruptcy cases, specifically in connection with the filing of proofs of claim. B-Real essentially argues that this Court's reliance on *Randolph*, a Seventh Circuit opinion from 2004, was misplaced.
>
> I ruled on this matter on July 21, 2008, that Fair Debt Collection Practices Act claim based on the filing of the proof of claim was not prohibited as a matter of law, and that the Rogers were entitled to prove facts to support that claim.
>
> Neither party timely moved to reconsider that ruling, or appeal it, and it is now the law of the case. For that reason, I am denying B-Real's motion for summary judgment, to the extent it seeks separate relief with regard to the applicability of the Fair Debt Collection Practices Act to its activities filing proofs of claim.

Transcript of November 21, 2008 proceedings before Bankruptcy Court, 08-AP-01011, doc. 79. This Court observes that under Federal Rule of Civil Procedure 54(b), which is applicable to adversary proceedings pursuant to Bankruptcy Rule 7054(a), an order "that adjudicates fewer than all the claims…may be revised at any time before the entry of a judgment adjudicating all the claims…." Thus, the bankruptcy judge had the discretion to reconsider the applicability of the FDCPA at any time, regardless of timeliness.

While the Fifth Circuit has not spoken on the first issue, the Ninth and Seventh Circuits have had the opportunity to do so. In *Randolph v. IMBS, Inc.*, a collection agency contacted the debtor in violation of the discharge injunction after payments on the debtor's confirmed bankruptcy plan began.[6] The debtor then brought suit under the FDCPA. The Seventh Circuit allowed the FDCPA claim, explaining that "overlapping and not entirely congruent remedial systems can coexist."[7] In contrast, the Ninth Circuit in *Walls v. Wells Fargo Bank, N.A.*, considering allegations that the discharge injunction had been violated when Wells Fargo continued to solicit and collect monthly mortgage payments after debtor's discharge, held that a debtor could not maintain simultaneous actions under both the Bankruptcy Code and the FDCPA because to do so would "circumvent the remedial scheme of the [Bankruptcy] Code...".[8] The court in *Walls* went on to state that "[w]hile the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."[9]

## Analysis

In the Rogers' adversary complaint, they allege that B-Real's action of filing proofs of claim on three time-barred debts violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. 1692f. In opposition, B-Real argues that the filing of a proof of claim, even on an invalid debt, cannot potentially constitute a violation of the FDCPA; instead, B-Real asserts, the debtors' sole remedy lies within the Bankruptcy Code and its procedures for objecting to a filed claim. B-Real asserts that the "FDCPA and the

---

[6] 368 F.3d 726 (7th Cir. 2004).
[7] *Id.* at 731.
[8] 276 F.3d 502, 510 (9th Cir. 2002).
[9] *Id.*

Bankruptcy Code are not compatible in the area of filing a proof of claim, and therefore the Bankruptcy Code should govern the claims process."[10] B-Real notes that a "claim" is defined broadly in the Bankruptcy Code as a "right to payment, whether or not such right is...disputed..."[11] B-Real asserts that under the Bankruptcy Code, any creditor may file a proof of claim and that it is the debtor's right to object to such claims under 11 U.S.C. § 502(b). If the debtor is successful in his objection, the claim will be disallowed. B-Real further points out that one of the enumerated reasons for claim disallowance in § 502(b) is that the "claim is unenforceable against the debtor..." and that one reason a claim would be deemed unenforceable is because the underlying debt is time-barred.[12] Thus, B-Real argues that it had the right to file a proof of claim on a prescribed debt, and that because such action is allowed under the Bankruptcy Code,[13] that same action cannot constitute a violation of the FDCPA.

The Rogers assert that B-Real is fully aware of the prescriptive period in Louisiana and "has displayed a pattern and practice of filing claims for prescribed debts in Chapter 13 bankruptcy cases in the Bankruptcy Court for the Middle District of

---

[10] Doc. 5, page 11.

[11] 11 U.S.C. § 101(5).

[12] 11 U.S.C. § 502(b)(1). *See e.g.* In re McGregor, 398 B.R. 561 (Bankr. N.D. Miss. 2008) (claim barred by statute of limitations disallowed under § 502(b)(1)); In re Andrews, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008) ("Section 502(b)(1) provides that one of the grounds for disallowing a claim is that the claim is unenforceable under applicable law. A statute of limitations...is the type of applicable law referred to in § 502(b)(1) that is grounds for disallowing a claim."); Wilferth v. Faulkner, 2006 WL 2913456, *3 (N.D. Tex. 2006) ("The language 'any applicable law' includes applicable statute of limitations. Therefore, a claim that is barred by a statute of limitations is not allowed under § 502(b)(1) of the Bankruptcy Code.").

[13] *See e.g.* In re Simpson, 2008 WL 4216317, *2 (Bankr. N.D. Ala. 2008) ("The claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim."). B-Real asserts that one can file a proof of claim on a prescribed debt as long as that claim is not fraudulent.

Louisiana."[14] The Rogers acknowledge that the holdings of the Ninth Circuit support B-Real's position, but assert that *Walls* is distinguishable because it dealt with "an isolated incident of creditor misconduct that occurred after the conclusion of the bankruptcy case."[15] The Rogers assert that the reasoning of the *Randolph* Court is more persuasive and applicable, especially because it dealt with a violation of the automatic stay "during the pendency of a debtor's Chapter 13 bankruptcy case."[16]

In arguing that *Randolph* should not apply, B-Real asserts that the "Bankruptcy Court failed to distinguish the fact that *Randolph* involved a stay violation that occurred <u>outside</u> of the bankruptcy case – by sending a demand letter directly to the debtor – while the bankruptcy was pending, whereas, our case concerns the filing of claims <u>within</u> the bankruptcy case, and no other contact."[17]

This Court agrees with B-Real that the Bankruptcy Code provides a remedial scheme for objecting to a claim filed for a prescribed debt. A quick review of case law shows that many bankruptcy courts have disallowed such claims as "unenforceable against the debtor" under 11 U.S.C. § 504(b)(1).[18] Thus, the Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA.

---

[14] Doc. 8, page 8. The Rogers cite eleven other bankruptcy cases pending in the Middle District in which they allege B-Real has filed proofs of claim on prescribed debts. This Court questions the relevance of these other bankruptcy cases, as the Rogers are not seeking class certification.
[15] *Id.* at page 11.
[16] *Id.* at page 12.
[17] Doc. 5, page 17 (emphasis in original).
[18] *See supra* notes 12 & 13.

However, this is exactly what the Rogers assert the *Randolph* Court held. This Court disagrees with this reading of *Randolph* and finds that the Seventh Circuit in that case allowed an FDCPA claim to go forward under specific facts not present in this instance.[19] In *Randolph*, a potential violation of both the Bankruptcy Code and the FDCPA allegedly occurred when a creditor violated the post-discharge injunction. The *Randolph* Court correctly stated a general principle of law – that "overlapping and not entirely congruent remedial systems can coexist" and allowed two causes of action that did not irreconcilably conflict to go forward.[20] In this case however, the question is not whether the FDCPA and the Bankruptcy Code can co-exist in a vacuum; rather, the question is whether filing a proof of claim on a prescribed debt (an action permitted by the Bankruptcy Code) can potentially constitute a violation of the FDCPA. This Court finds it cannot.

First, and as this Court has already noted, the Bankruptcy Code and applicable jurisprudence allow a creditor to file a proof of claim on a debt even though it may be later determined to be "unenforceable." One of the reasons Bankruptcy Courts have deemed a debt to be unenforceable is because the debt is determined to be time-barred or prescribed. This Court is wary of any ruling that impinges on a creditor's right to follow the procedural provisions of the Bankruptcy Code.

Second, the purpose of the FDCPA itself is not furthered by its application in this instance. "Debtors in bankruptcy proceedings do not need protection from abusive collection methods that are covered under the FDCPA because the claims process is

---

[19] The *Randolph* Court found that § 362 of the Bankruptcy Code, which "condemns only willful debt-collection attempts" by contempt after entry of the automatic stay, did not preclude application of the FDCPA. The court reasoned that allowing the FDCPA claim "would not contradict any portion of the Bankruptcy Code." 368 F.3d 726, 732 (7th Cir. 2004).

[20] *Id.* at 731.

highly regulated and court controlled."[21] While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.[22] As a related point, this Court also fails to see how the purpose of the Bankruptcy Code and Rules, which is to "secure the just, speedy, and inexpensive determination of every case and proceeding" is furthered by allowing a debtor to proceed with an FDCPA claim against a creditor whose only action is to file a proof of claim under the procedures set out in the Code.

Third, even considering the substantive provisions of the FDCPA upon which the debtors base their claims, this Court fails to discern any viable FDCPA violation. Section 1692d of the FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." The section lists examples such as threatening violence, using profanity, or calling the debtor continuously. B-Real's action of filing proofs of claim does not rise to a level commensurate to these example behaviors. Because B-Real engaged in an action which the Bankruptcy Code allows while subject to the bankruptcy court's oversight, this Court finds that such action's "natural consequence" could not possibly be harassing, oppressive, or abusive. Section 1692e(2)(A) forbids the

---

[21] B-Real v. Chaussee, 399 B.R. 225, 245 (B.A.P. 9th Cir. 2008) (Jury, J., concurring).

[22] *See e.g.* Argentieri v. Fisher Landscapes, Inc., 15 F.Supp.2d 55, 61-62 (D. Mass. 1998) in which the court explained:

> The whole purpose of regulating debt collection was to "supervise" a range of unsupervised contacts, such as demand letters and late-night telephone calls. In contrast, a statement in a pleading is supervised by the court and monitored by counsel. The two situations are drastically different.
>
> The courts have their own system of protections against abusive tactics that occur during litigation....Given these protections, when a claim is made to the court, there is no need to invoke the protections of a statute designed to protect consumers from unscrupulous, unsupervised debt collection tactics....

"false representation of...the legal status of any debt;" however, B-Real was not required to represent the status of the underlying debt in its proof of claim. For the same reason, it does not appear that 15 U.S.C. § 1692e(10) was potentially violated, which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt...". Section 1692e(5) forbids threatening to take or actually taking "any action that cannot legally be taken." Section 1692f(1) prohibits a debt collector from seeking to collect on any amount "unless...permitted by law." As discussed above, the Bankruptcy Code and Rules allow the action of filing a proof of claim on any type of non-fraudulent debt.

In conclusion, although the Rogers cite many cases following *Randolph* which allowed a debtor to go forward with a claim under the FDCPA, they fail to cite any case in which the alleged FDCPA violation was based solely on a creditor filing a proof of claim on a debt that was later deemed prescribed.[23] In contrast, B-Real cites a number of recent cases in which a cause of action under the FDCPA based on filing a proof of claim on a prescribed debt was deemed precluded by the Bankruptcy Code.[24]

---

[23] Dougherty v. Wells Fargo Home Loans, Inc., 425 F.Supp.2d 599 (E.D. Pa. 2006) (FDCPA claims based on disclosure and collection of improper fees prior to plaintiff's discharge in bankruptcy not precluded by Bankruptcy Code); Drnavich v. Cavalry Portfolio Service, LLC, 2005 WL 2406030 (D. Minn. 2005) (denied motion to dismiss FDCPA claim based on alleged violation of stay order when, after getting notice of bankruptcy, creditor continued to withdraw payments from debtor's savings account); Burkhalter v. Lindquist & Trudeau, Inc., 2005 WL 1983809 (E.D. Mo. 2005) (denied motion to dismiss FDCPA claim based on alleged violation of stay order and contacting and harassing debtor); In re Holland, 374 B.R. 409, 445 (Bankr. D. Mass. 2007) (dismissing debtor's FDCPA claim because "the Debtor failed to allege which section of the FDCPA EMC ostensibly violated when it 'misrepresented the amount due from Holland' in its motions for relief from stay and in its proof of claim."); In re Gunter, 334 B.R. 900 (Bankr. S.D. Ohio 2005) (FDCPA claim for allegedly harassing or abusive conduct in attempting to collect discharged prepetition debt not precluded by Bankruptcy Code). *See also* In re Pariseau, 395 B.R. 492, 494 (Bankr. M.D. Fla. 2008) (noting that "although other courts have applied the FDCPA in bankruptcy cases, they have done so only in the very *narrow* context of situations involving the automatic stay or dischargability").

[24] *See e.g.* In re Chaussee, 399 B.R. 225 (B.A.P. 9th Cir. 2008) ("the debt validation provisions required by FDCPA clearly conflict with the claims processing procedures contemplated by the Code and Rules. Simply put, we find that the provisions of both statutes cannot compatibly operate."); In re Pariseau 395 B.R. 492 (Bankr. M.D. Fla. 2008) ("the Court does not find the case law submitted by Plaintiffs to be persuasive [i.e. *Randolph*], especially in light of the numerous decisions which hold that FDCPA claims that arise from the filing of a proof of claim during

Additionally, we find one of the cases cited by the Rogers instructive. In *Dougherty*, the court allowed plaintiff to proceed with her claim under the FDCPA, stating that the defendant had not pointed to "any specific, applicable provision of the Code that directly conflicts with the FDCPA, such that Defendant would be unable to comply with both provisions."[25] In allowing the claim under the FDCPA, the court noted it was "satisfied that Defendant's alleged misconduct here, post-confirmation, is sufficiently removed from Plaintiff's bankruptcy proceedings so that there is no risk of undermining the Code's provisions for the administration of the debtor's estate."[26] Here, unlike the situation in *Dougherty*, the alleged misconduct by B-Real is intimately tied to the Bankruptcy proceedings and because of this intimate connection, there is clearly a risk of undermining the Code's provisions.

Thus, this Court finds that while the "FDCPA and Bankruptcy Code overlap but generally coexist peaceably,"[27] in this specific factual situation application of the FDCPA is precluded by the Bankruptcy Code. As one court has noted:

> To accept the proposition that the [FDCPA] created an alternative method to challenge a proof of claim in bankruptcy would open the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim. This cause of action would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships.[28]

---

the pendency of a bankruptcy proceeding are precluded by the available remedies Congress enumerated in Title 11 of the United States Code."); In re Simpson., LLC, 2008 WL 4216317 (Bankr. N.D. Ala. 2008) ("An FDCPA claim, however, cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim.").

[25] Dougherty v. Wells Fargo Home Loans, Inc., 425 F.Supp.2d 599, 605 (E.D. Pa. 2006).

[26] *Id.*

[27] Middleebrooks v. Interstate Credit Control, Inc., 391 B.R. 434, 437 (D. Minn. 2008).

[28] In re Williams, 392 B.R. 882, 888 (Bankr. M.D. Fla. 2008).

**Conclusion**

For the reasons outlined above, this Court finds that the Rogers' claims under the FDCPA are precluded by the Bankruptcy Code. Under these particular circumstances, claims under the FDCPA are not viable. Accordingly, this Court REMANDS this case to the bankruptcy court for further proceedings consistent with this opinion.


Signed in Baton Rouge, Louisiana, on May 8, 2009.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA